# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3799

_____

Jason Joseph Slavicek

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: August 20, 2013
Filed: August 23, 2013
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jason Joseph Slavicek appeals the district court's[1] order affirming the denial of disability insurance benefits. Upon de novo review, see Van Vickle v. Astrue, 539

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

F.3d 825, 828 & n.2 (8th Cir. 2008), we find that the adverse decision at issue is supported by substantial evidence on the record as a whole. Specifically, we find that the administrative law judge's (ALJ's) credibility determination is entitled to deference because it was based on several valid reasons, see Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012); that the ALJ also gave valid reasons for giving significant weight to the medical expert's opinion concerning Slavicek's residual functional capacity (RFC), see Renstrom v. Astrue, 680 F.3d 1057, 1064 (8th Cir. 2012) (treating physician's opinion does not automatically control, and is properly discounted when it is based on claimant's subjective complaints, not physician's own objective findings); and that the ALJ's RFC determination was supported by some medical evidence, as required, see Jones v. Astrue, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations); see also Perks, 687 F.3d at 1092 (burden of persuasion to demonstrate RFC remains on claimant). The judgment is affirmed.

_____